Franca BINELLO

v.

STATE.

No. 91–114–C.A.

Supreme Court of Rhode Island.

Jan. 8, 1992.

James E. O'Neil, Atty. Gen., Steven Murray, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Walter R. Stone, Providence, for defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument December 4, 1991, pursuant to an order that had directed Franca Binello to appear and show cause why her appeal from the denial of her application for post-conviction relief should not be dismissed.

After having heard the arguments of counsel, examined the memoranda filed by the parties, and examined the record of the plea colloquy between Franca Binello (Binello) and the trial justice on July 5, 1990, as well as the record of the post-conviction hearing, we are of the opinion that cause has not been shown.

During the plea colloquy the trial justice very carefully explained to Binello (against whom eleven counts of obtaining money under false pretenses had been filed) the nature and the circumstances of the plea of nolo contendere that she was about to enter. He assured himself of her ability to read, write, and understand the English language. He noted that she had executed an affidavit requesting that she be permitted to change her plea. She assured him that she had had an opportunity to review the document with her attorney. As part of the acceptance of the nolo plea, the trial justice explained in great detail every right that petitioner was waiving by entering such a plea. He explained to her that the maximum sentence that might be imposed on these charges was ten years in the Adult Correctional Institutions. The assistant attorney general then set forth the facts upon which the state's charges were based. Following this statement of facts, the trial justice asked petitioner if she agreed basically and substantially with the facts as related. She stated that she did. Counsel for the state then set forth in detail the conditions of the plea agreement: Binello would be placed on six months' probation, and as a condition of probation she must pay full restitution to the victim in the amount of $42,000.

The trial justice then inquired of petitioner whether she fully understood the terms of the plea agreement and the consequences of violating the restitution provision. She stated that she did after several searching questions by the trial justice.

In November of 1990 and in January and February of 1991, Binello was given hearings pursuant to an application for post-conviction relief that she had filed on the ground of ineffective assistance of counsel. She alleged that her attorney had had a conflict of interest and that he had not competently advised her in respect to the prospective trial of her case and in regard to her plea decision.

The same trial justice who had taken her plea heard evidence in support of her post-conviction application. He found her testimony to be completely lacking in credibility. He referred to the hearing in which her plea had been accepted. He found that she was a "pretty shrewd woman" who "shaved the truth." He specifically found that he had never observed at any time during the plea proceedings that her attorney was directing her to respond in a particular manner to the court's questioning.

He was satisfied that her responses had been her own.

He specifically found that her attorney had done a commendable job in his representation of Binello and that his representation more than satisfied the requirements of reasonable competent assistance as set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Having made these findings, the trial justice then determined that there had been no significant conflict of interest that prevented her attorney from effectively representing her at trial.

The trial justice then made a general determination that Binello's decision to plead nolo contendere had not been prejudiced or influenced by ineffective assistance of counsel, whereupon he denied the motion for post-conviction relief.

After having reviewed the transcript of the plea colloquy as well as the record of the hearing on post-conviction relief, we are of the opinion that the evidence supports the findings and conclusions reached by the trial justice.

Consequently Binello's appeal from the denial of her application for post-conviction relief is hereby denied and dismissed. The papers in the case may be remanded to the Superior Court.